UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN A. PIZZINI, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-12-CV-308-XR |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

On this date, the Court considered the Motion for Judgment on the Pleadings (docket no. 4) filed by Defendant Bank of America, N.A. ("BANA").  No response has been filed, although the time for doing so has expired.  After careful consideration of the motion, the pleadings, and the applicable law, the Court grants the motion.

**Factual and Procedural Background**

Nellie Ruth Bitzer executed a Deed of Trust with Lender BANA on certain property located at 130 Cornwall on January 24, 2002.  On March 3, 2008, she executed a General Warranty Deed conveying the property to Plaintiff John Pizzini, who thereafter used the home as his family residence. The General Warranty Deed reflects that Pizzini paid $10 for the property, and states that the conveyance "is made and accepted subject to the liens, encumbrances, conditions and restrictions, relating to the hereinabove described property as now reflected by the records of the County Clerk of Bexar County, including but not limited to the following:  1. That certain indebtedness described in and secured by a Deed of Trust dated January 24, 2002, to PRLAP, Inc., Trustee, recorded in

Volume 9276, Page 1828 of the Real Property Records of Bexar County, Texas, securing Bank of America, N.A. in the repayment of that certain promissory note in the original principal amount of $36,709.83, which Grantee [Pizzini] does not assume payment of."  The General Warranty Deed was filed in the official public records of Bexar County on March 4, 2008.

Nellie Bitzer died on July 31, 2011.  On August 22, 2011, the executor of Bitzer's estate sent a letter to BANA explaining that Bitzer was deceased.  The letter stated, "I am aware of the Home Loan and Escrow accounts in her name however the house at 130 Cornwall is not part of the estate as shown on the General Warranty Deed enclosed.  In addition I would like to inform you that the estate has no money and will be unable to pay these loans."  On September 1, 2011, BANA apparently sent notice to Bitzer of its intent to conduct a substitute trustee's sale of the property.

Plaintiff filed this lawsuit on October 11, 2011.  Plaintiff obtained an *ex parte* TRO the same day.  The state district judge held a hearing on the application for temporary injunction and entered a temporary injunction on October 27, 2011.  The Substitute Trustee executed a Substitute Trustee's Deed on October 29, 2011.  The Substitute Trustee's Deed indicates that a foreclosure sale occurred on October 4, 2011.

Plaintiff's "Original Petition, Application for Temporary Restraining Order, and Temporary and Permanent Injunction" alleges that he is the owner and occupant and a party having an interest in certain real property located at 130 Cornwall, San Antonio, Texas.  Plaintiff alleges that he is the owner of the property by reason of the General Warranty Deed executed on March 3, 2008.  Plaintiff demands an accounting, damages, and equitable relief.  Plaintiff alleges "that there are impediments to any alleged right asserted by the Defendant to disturb the use and enjoyment by Plaintiff of their home and to amounts, if any, allegedly due and owing the Defendant."  Plaintiff alleges that "[t]hough

2

his ownership interest and claim of homestead were of public record, Defendant wholly failed to give Plaintiff notice of foreclosure, of Defendant's intentions to foreclose, of notice to accelerate, or provide an opportunity to cure before seeking foreclosure." Rather, Plaintiff alleges, "Defendant engaged in conduct that was intended to suggest that negotiations were on-going to modify the loan arrangements for the property, knowing that Plaintiff would foreseeably and detrimentally rely to his prejudice." Plaintiff asserts that "Defendant should be estopped from pursuing any foreclosure relief or post-foreclosure relief based on its conduct." Plaintiff sues for "wrongful foreclosure, Trespass to Try Title, constructive fraud, breach of fiduciary duty, misrepresentation, and constructive trust." As relief, Plaintiff "sues for restoration of title plus consequential damages" and, alternatively, for damages and, alternatively, "for not disposing of the subject realty in a commercially reasonable fashion."

Defendant BANA removed the case to this Court on April 5, 2012 on the basis of diversity jurisdiction. The Court finds that it has diversity jurisdiction over this case because the parties are diverse and the amount in controversy exceeds $75,000.[1]

Along with its Notice of Removal, Defendant filed a Motion for Judgment on the Pleadings. No response has been filed.[2]

---

[1] Although it appears that the removal was untimely because BANA should have been aware of the amount in controversy (the fair market value of the property in dispute) at the time suit was filed, the failure to timely remove is a procedural defect that is waived by the plaintiff if no timely motion to remand is filed. Since Plaintiff did not file a timely motion to remand, the defect of untimely removal is waived and presents no impediment to this Court's exercise of jurisdiction.

[2] It appears that Plaintiff's counsel is not admitted to the Western District. Plaintiff's counsel has not filed a motion for admission *pro hac vice*, nor has he filed anything since the case was removed. Although Plaintiff did not file a response or inform the Court that the motion is opposed as required by Local Rule CV-7(e), the Court will not treat the motion as unopposed. Rather, the motion will be evaluated on the merits. *See Webb v. Morella*, 457 Fed. App'x 448, at *2 n.4 (5th

**Standard of Review**

The standard for evaluating 12(b)(6) motions and 12(c) motions is the same. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss under 12(b)(6), all factual allegations from the complaint should be taken as true. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Additionally, the facts are construed favorably to the plaintiff. *Id.* Courts may look only to the pleadings in determining whether a plaintiff has adequately stated a claim; consideration of information outside the pleadings converts the motion to one for summary judgment. FED. R. CIV. P. 12(d). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 1964 (2007). Factual allegations must be sufficient to "raise a right to relief above the speculative level." *Id.* A well-pleaded complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id.* 556.

**Analysis**

Defendant BANA asserts that Plaintiff fails to state a claim for relief because he was not a party to the original loan agreements between Bitzer and BANA. BANA asserts that Plaintiff therefore lacks standing. BANA also argues that the injuries that Plaintiff asserts are not fairly traceable to BANA because Plaintiff acquired the property subject to BANA's deed of trust lien, and

---

Cir. 2012) ("The Federal Rules of Civil Procedure, however, do not, by their own terms, require a party to file a response in opposition to a motion to dismiss. See FED.R.CIV.P. 12. Accordingly, the district court improperly granted the motion to dismiss for failure to state a claim solely because the Webbs failed to oppose the motion.").

4

thus any injury is a result of his own decision to knowingly purchase the property subject to the lien. Last, BANA argues that Plaintiff cannot bring claims on behalf of the mortgage borrower, although he apperars to do so because his claims "only make sense if brought by the original borrower."

Although this is a diversity case, BANA's motion is notably devoid of citation to Texas law. Although the general rule is that only the mortgagor or a party who is in privity with the mortgagor has standing to contest the validity of a foreclosure sale pursuant to a mortgagor's deed of trust, the class of parties with standing to dispute the validity of a foreclosure sale has been expanded. *Long v. NCNB-Tex. Nat'l Bank*, 882 S.W.2d 861, 867 (Tex. App.–Corpus Christi 1994, no writ)("Modern cases have expanded the class of parties with standing to dispute the validity of the foreclosure sale by adopting a more liberal attitude toward this privity requirement. Under the current approach, the [plaintiff] need only have established a property interest in the deed of trust realty to impute a flaw . . . .")(citations omitted); *see also Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 489 (Tex. 1988) ("when the third party has a property interest, whether legal or equitable, that will be affected by such a [foreclosure] sale, the third party has standing to challenge such a sale to the extent that its rights will be affected by the sale"); *Am. Sav. & Loan Ass'n v. Musick*, 531 S.W.2d 581, 586 (Tex. 1976) (rejecting argument that third party had no standing to challenge trustee's sale because it was not a party to the deed of trust, and holding that a junior lienholder has standing to show invalidity of a trustee's sale because his interest in the property is affected by such a sale); TEXAS PRACTICE GUIDE § 4:137.  Thus, Texas cases hold that to contest a bank's foreclosure under a deed of trust, a party must, at the time of the foreclosure, either (1) be the mortgagor under the deed of trust or be in privity with the mortgagor, or (2) have an ownership interest in the property affected by the foreclosure. *Ursic v. NBC Bank S. Tex., N.A.*, 827 S.W.2d 334, 336 (Tex. App.–Corpus Christi 1991,

writ denied).[3]  Applying this rule, Texas courts have held that purchasers of real property subject to a mortgage have standing to challenge a foreclosure sale.  *E.g.*, *Abraham v. Ryland Mortgage Co.*, 995 S.W.2d 890 (Tex. App.–El Paso 1999, no pet.).

In addition, the Corpus Christi Court of Appeals considered whether a third party could insist either upon notice of the foreclosure sale to it or the original note maker in *Long v. NCNB-Tex. Nat'l Bank*, 882 S.W.2d 861 (Tex. App.–Corpus Christi 1994, no writ).  The Longs were guarantors on a note entered into by Long Engineering that was secured by a deed of trust.  The court of appeals held that the Longs, as guarantors, were not entitled to notice.  *Id.* at 867.  The court then considered whether the Longs had standing to contest the legal sufficiency of the bank's notice to Long Engineering as the note maker.  The court noted that, "[h]istorically, standing to insist upon the note maker's prerogative of personal notice of the foreclosure sale required privity of estate with the note maker."  *Id.*  It noted that parties to the note and deed instruments may also impeach the validity of the foreclosure sale as the note maker's privies of contract.  Based on its conclusion that courts had adopted a more liberal attitude toward this privity requirement, the court then concluded that "the Longs need only have established a property interest in the deed of trust realty to impute a flaw in

---

[3] *See also EMC Mortg. Corp. v. Window Box Ass'n, Inc.*, 264 S.W.3d 331, 335 (Tex. App. –Waco 2008, no pet.) ("[W]hen the third party has a property interest, whether legal or equitable, that will be affected by such a sale, the third party has standing to challenge such a sale to the extent that its rights will be affected by the sale."); *Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App.–Corpus Christi 1996, no writ) ("To contest foreclosure of a deed of trust, a party must, at the time of foreclosure, either be a mortgagor under the deed of trust or be in privity with the mortgagor, or have an ownership interest in property affected by the foreclosure."); *Mercer v. Bludworth*, 715 S.W.2d 693, 698 (Tex. App. –Houston [1st Dist.] 1986, writ ref'd n.r.e.) ("A subsequent purchaser or junior lienholder may collaterally attack the sale if it is entirely void."), *overruled on other grounds by Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 894 (Tex. 1991); *Owens v. Grimes*, 539 S.W.2d 387, 390 (Tex. Civ. App.–Tyler 1976, writ ref'd n.r.e.) ("[T]he exercise of the power of sale may be disputed only by the mortgagor or his privies insofar as the inquiring relates to the divesting of the mortgagor's title and the investing of the title in the purchaser.").

NCNB's notice to Long Engineering." *Id.*  However, the court then concluded that the Longs did not "claim the right to criticize the notice to Long Engineering as parties to the note or deed of trust" and thus they lacked "the standing necessary to attack the validity of NCNB's notice to Long Engineering." *Id.* at 867-68.

In *Lockwood v. Lisby*, 476 S.W.2d 871 (Tex. Civ. App.–Fort Worth1972, writ ref'd n.r.e.), relied upon by the *Long* court, the court held that a "privy successor to the mortgagors" had the same right as the mortgagors to have the trustee's sale set aside as avoidable for irregularity or defect.  In that case, Lisby obtained an interest in the property secured by the mortgage and agreed with the mortgagors to assume all obligations of the mortgage, but never advised the mortgagee.  He then failed to make any payment accruing after his ownership or any of the past due payments owing at the time of his purchase from the mortgagors.  The mortgagee foreclosed on the property.  Lisby then objected.  The court held that no notice of acceleration of the mortgagors' indebtedness by the note was owed to Lisby – it held that "there would have been no defect in the trustee's authority to conduct the sale had there been 'notice' in the material respect to the mortgagors who had sold to him, whether Lisby be informed of such or not."  *Id.* at 875.  "However," the court continued, "the mortgagors having not been the recipient of any 'notice' relative to acceleration—and the sale subject to attack by them and by Lisby as their privy—Lisby could not have any claim against them.  His case entitled him to bring and prosecute the action as the contractual privy successor to the rights of the mortgagors.  The legal situation is not distinguishable from what it would have been if Lisby had purchased from the mortgagors, on the day following the trustee's sale, their interest in the property, along with any cause of action arisen out of the conduct of the sale of it by the trustee."

Based on these authorities, the Court finds that Defendant's motion based on lack of standing

must fail.  The Court finds that Plaintiff also satisfies the requirements of Article III standing insofar as he has an interest in the property that would be lost if the foreclosure stands, and that injury is fairly traceable to the conduct of BANA in conducting the foreclosure sale, and that it would be redressed by a favorable decision on Plaintiff's claims.[4]

Of course, whether a party has standing to assert a claim and whether the party fails to state a claim for relief are two separate inquiries.  Plaintiff's primary claim appears to be that BANA did not provide him with required notices.  Whether a party is entitled to notice is governed by the terms of the Deed of Trust and any applicable statute or regulation.  Generally, there is no requirement that personal notice be given to persons who were not parties to the Deed of Trust, unless the Deed of Trust provides for such.  *Musick*, 531 S.W.2d at 588.

Plaintiff alleges that, although his Deed was recorded, "Defendant wholly failed to give Plaintiff notice of foreclosure, of Defendant's intentions to foreclose, of notice to accelerate, or provide an opportunity to cure before seeking foreclosure."  However, the mere fact that BANA may have had either actual or constructive notice of Plaintiff's interest in the property does not impose a notice requirement.  *See Rodriguez v. Ocwen Loan Serv.*, 306 Fed. App'x 854 (5th Cir. 2009).

Rather, Plaintiff must point to a provision in the Deed of Trust or a statute that requires such

---

[4] BANA relies on a recent report and recommendation from Magistrate Judge Andrew Austin finding that parties who obtained the mortgagors' interests by way of quitclaim deeds but did not undertake the obligations of the mortgage lacked standing to complain of wrongdoings in the original mortgage transaction.  *Setzer v. Richards*, Civ. A. No. A-11-CA-214-LY.  That report and recommendation, however, (1) was adopted by Judge Yeakel under a clearly erroneous standard because plaintiffs did not file objections, (2) concerned standing to challenge the original loan transaction rather than a foreclosure, and (3) relied upon Eleventh Circuit and non-Texas district court cases.  In addition, to the extent BANA relies upon this Court's decision in *Martinez v. JPMorgan Chase Bank*, Civ. A. No. 09-CV-675-XR, 2010 WL 1780351, *2 (W.D. Tex. May 3, 2010), the Undersigned did not find that the plaintiff lacked standing, only that he was not entitled to notice.

notice.  Plaintiff fails to point to any specific provision in the Deed of Trust that required BANA to provide any notices to Plaintiff.  Although a copy of the Deed of Trust is attached to the petition and to Defendant's motion, it is not a legible copy, and it is not the Court's obligation to scour the Deed of Trust for any applicable provisions.  Thus, Plaintiff's petition fails to state a claim based on a lack of personal notice under the terms of the Deed of Trust.

Nor does Plaintiff cite to any statute or regulation that would require BANA to provide such notices to Plaintiff.  Plaintiff makes no allegations that would require BANA to give him notice under the terms of the Texas Property Code.  That statute was enacted to provide a minimum level of protection for the debtor.  *Hausmann v. Tex. Sav. & Loan Ass'n*, 585 S.W.2d 796, 799 (Tex. Civ. App.–El Paso 1979, writ ref'd n.r.e) (holding that because plaintiffs were not debtors on the mortgage, they were not entitled to notice, and mortgagee complied with statute by sending notices to debtors); *Cuauhtli v. Chase Home Finance LLC*, 252 Fed. App'x 690 (5th Cir. 2007) ("The personal notice that must be given to debtors is not owed to residents of the property who are not personally liable for the debt.").  The petition does not allege that Plaintiff is a "debtor, who according to the records of the mortgage servicer of the debt, is obligated to pay the debt" such that he would be entitled to notice of sale under Texas Property Code § 51.002(b)(3).  Nor does the petition allege that Plaintiff is "a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence" such that he would be entitled to written notice of default and the right to cure under § 51.002(d).  Accordingly, the petition fails to state a claim based on lack of notice.

With regard to Plaintiff's other claims, the petition lacks the necessary factual specificity to render the claims plausible.  Plaintiff alleges that "there are impediments" to any right asserted by BANA and demands an accounting, but these allegations are conclusory and fail to state a claim.

9

Further, Plaintiff claims that BANA engaged in negotiations to modify the loan and should therefore be estopped from foreclosing, but again these allegations are conclusory and lack factual specificity. Plaintiff also asserts claims for constructive fraud and misrepresentation, but fails to allege any false statements, and fails to allege the claim with specificity as required by Rule 9.  Accordingly, the motion to dismiss for failure to state a claim is GRANTED.

However, because the petition was filed under state pleading rules, the Court finds that Plaintiff should be given an opportunity to amend to attempt to state a claim.  Should Plaintiff desire to file an Amended Complaint, Plaintiff must do so no later than **May 31, 2012**.  Failure to do so or to file a motion for extension of time to do will result in a final dismissal of this case.  Plaintiff's counsel is reminded that he must obtain admission to this Court or obtain co-counsel who is admitted to this Court in order to file documents.

It is so ORDERED.

SIGNED this 17th day of May, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE